1  **Marquis Aurbach Coffing**
   Craig R. Anderson, Esq.
2  Nevada Bar No. 6882
   Jackie V. Nichols, Esq.
3  Nevada Bar No. 14246
   10001 Park Run Drive
4  Las Vegas, Nevada 89145
   Telephone: (702) 382-0711
5  Facsimile: (702) 382-5816
   canderson@maclaw.com
6  jnichols@maclaw.com
      Attorneys for Defendant Las Vegas
7     Metropolitan Police Department

8              **UNITED STATES DISTRICT COURT**

9                     **DISTRICT OF NEVADA**

10  Michele Mullins and Cassandra Holland,

11                     Plaintiffs,                    Case Number:

12      vs.

13  Las Vegas Metropolitan Police Department a
    political subdivision of the State of Nevada;
14  Nevada Property 1, LLC, a foreign Limited
    Liability Company, d/b/a The Cosmopolitan of      **LVMPD'S NOTICE OF REMOVAL**
15  Las Vegas; LVMPD Employees, DOES 1-10,
    Does 11-20, and Security Officers/Employees
16  DOES 21-30,

17                     Defendants.

18      TO:  THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA

19      Defendant, the Las Vegas Metropolitan Police Department (the "Department" or

20  "LVMPD"), by and through their attorneys of record, Craig R. Anderson, Esq. and Jackie V.

21  Nichols, Esq. of Marquis Aurbach Coffing, hereby gives notice of removal of the above-

22  captioned action from the Eighth Judicial District Court of Clark County, Nevada, to the United

23  States District Court for the District of Nevada.  Removal of this action is authorized under 28

24  U.S.C. §1331, 1441 and 1446.  The specific grounds for removal are as follows:

25      1.      Plaintiffs Michele Mullins and Cassandra Holland commenced this action against

26  LVMPD on June 3, 2021 (Complaint) based upon the alleged constitutional violations of

27  unreasonable search and seizure and conspiracy violations.  The Complaint was in the Eighth

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-347 4386770_1 7/8/2021 8:10 AM

1    Judicial District Court of the County of Clark, State of Nevada.  A true and correct copy of the

2    Complaint are attached hereto as **Exhibit A.**

3         2.     LVMPD is the defendant in the above-referenced action commenced the Eighth

4    Judicial District Court of the County of Clark, State of Nevada, Case No. A-21-835674-C, and is

5    now pending in that court.

6         3.     Service of the Summons and Complaint was made on LVMPD on June 11, 2021.

7    A copy of the Summons for LVMPD is attached hereto as **Exhibit B.**

8         4.     No further proceedings have been had in this matter in the Eighth Judicial District

9    Court.

10         5.     The Complaint alleges that LVMPD Defendants violated Plaintiffs' Fourth,

11    Amendment right.

12         6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, in that it

13    is an action arising under 42 U.S.C. §1983.  Pursuant to 28 U.S.C. §1441, LVMPD is therefore

14    entitled to remove this action to this Court.

15         7.     Thirty days have not elapsed since LVMPD was served with the Complaint in this

16    action.  Copies of the Summons and Complaint are attached hereto as **Exhibit A and B**,

17    constituting all the papers and pleadings on LVMPD.

18         8.     As of this date, defendant Nevada Property 1, LLC appeared in the case on June

19    29, 2021 by filing an Answer to the Complaint.

20         9.     The undersigned communicated with counsel for Nevada Property 1, LLC and

21    obtained consent for removal.

22         10.    A true and correct copy of this Notice of Removal is being filed this date with the

23    Clerk of the Eighth Judicial District Court of Nevada.

24    . . .

25    . . .

26    . . .

27    . . .

28    . . .

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-347 4386770_1 7/8/2021 8:10 AM

11.    Based on the foregoing, LVMPD removes the above action now pending Eighth Judicial District Court of the County of Clark, State of Nevada, as Case No. A-21-835674-C, to this court.

Dated this <u>8th</u> day of July, 2021.

MARQUIS AURBACH COFFING

By: ___/s/ Jackie V. Nichols___
     Craig R. Anderson, Esq.
     Nevada Bar No. 6882
     Jackie V. Nichols, Esq.
     Nevada Bar No. 14246
     10001 Park Run Drive
     Las Vegas, Nevada 89145
     Attorneys for Defendant Las Vegas
     Metropolitan Police Department

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-347 4386770_1 7/8/2021 8:10 AM

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1

## <u>CERTIFICATE OF SERVICE</u>

2    I hereby certify that I electronically filed the foregoing **LVMPD'S NOTICE OF**

3  **REMOVAL** with the Clerk of the Court for the United States District Court by using the court's

4  CM/ECF system on the <u>8th</u> day of July, 2021.

5    ☒    I further certify that all participants in the case are registered CM/ECF users and

6  that service will be accomplished by the CM/ECF system.

7    ☒    I further certify that some of the participants in the case are not registered

8  CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or

9  have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the

10  following non-CM/ECF participants:

11
> Robert A. Nersesian, Esq.
> Marie Sankiewicz, Esq.
> Nersesian & Sankiewicz
> 528 S. Eighth Street
> Las Vegas, Nevada 89101
> Attorneys for Plaintiffs Michele Mullin and
> Cassandra Holland

> Larry H. Lum, Esq.
> Karen L. Bashor, Esq.
> Vatana Lay, Esq.
> Wilson, Elser, Moskowitz, Edelman & Dicker LLP
> 6689 Las Vegas Boulevard, South, Suite 200
> Las Vegas, Nevada 89119
> Attorneys for Defendant Nevada Property 1 LLC
> d/b/a The Cosmopolitan of Las Vegas

12

13

14

15

16

17

18
> /s/ Krista Busch
> An employee of Marquis Aurbach Coffing

19

20

21

22

23

24

25

26

27

28

MAC:14687-347 4386770_1 7/8/2021 8:10 AM

# EXHIBIT A

Electronically Filed
6/3/2021 11:31 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
Robert A. Nersesian
Nevada Bar No. 2762
Thea Marie Sankiewicz
NevadaBar No.  2788
**NERSESIAN & SANKIEWICZ**
528 South Eighth Street
Las Vegas, Nevada89101
Telephone:  702-385-5454
Facsimile:  702-385-7667
vegaslegal@aol.com
*Attorneys for Plaintiffs*

CASE NO: A-21-835674-C
Department 27

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Michele Mullins and Cassandra Holland, | ) Case No.: |
| | ) Dept No.: |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| Las Vegas Metropolitan Police Department   a | ) |
| political subdivision of the State of Nevada; | ) |
| Nevada Property 1, LLC, a foreign Limited | ) |
| Liability Company, d/b/a The Cosmopolitan of | ) |
| Las Vegas; LVMPD Employees, DOES 1-10, Does | ) |
| 11-20, and Security Officers/Employees | ) |
| DOES 21-30, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **COMPLAINT**

NOW COME Plaintiffs (Collectively "Plaintiffs", and individually "Mullins" and

"Holland"), and for their complaint against the defendants, state as follows:

1. Defendant, the Las Vegas Metropolitan Police Department ("LVMPD") is a political

    subdivision of the State of Nevada, operates in Clark County, Nevada, and employees

    certain Doe officers named in this complaint.

2. Defendant, Nevada Property 1, LLC ("Cosmopolitan") is a casino, hotel, and event

    facility, and has its principal place of business in Clark County, Nevada.

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

1

3.  Doe Defendants 21-30 are the individual security officers and others in the employ of Cosmopolitan who personally undertook the acts described herein. Specifically, they guarded over and participating in  holding Plaintiffs against their will and without legal authority on the premises of the Cosmopolitan or participated in the direction or operation of the detention. Doe Defendants 1-10 are employees of, or were working with, LVMPD when they went hands-on with Plaintiff in an offensive manner without legal authority, seized the Plaintiffs, or materially participated in guarding Plaintiff and holding Plaintiff against her will in Cosmopolitan's premises without legal authority. Some of these Defendants also conducted an arrest without probable cause of each, or one of, the Plaintiffs.  The balance of the Doe Defendants include the persons who directed the actions of the employees undertaking the detention of the Plaintiff, and persons in the employ of the Cosmopolitan making statements to Doe defendants known to be false by the persons making said statements, as well as those setting negligent policy for the Cosmopolitan. Doe Defendants 1-10 also include the individual officers employed by the LVMPD who participated in the continuing detention of the Plaintiff after their arrival and also the participated or directed the search of the Plaintiffs purses. Plaintiffs are not currently aware of the identity of these individuals, and will amend this complaint as their identities are discovered.

4.  Plaintiffs were present in Las Vegas, Nevada, at the business operated by Cosmopolitan on March 12, 2020.

5.  Plaintiffs' presence were each in the nature of a customer at Cosmopolitan's hotel and casino.

6.  Plaintiffs had been historic customers of the Cosmopolitan.

7.  Mullins also maintained a player's card account at the Cosmopolitan.

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

2

8. Save for this incident, neither Plaintiff had ever been given a trespass warning pursuant to NRS 207.200 by the Cosmopolitan, or any Las Vegas business.

9. While present Plaintiffs were enjoying the services and amenities offered at the Cosmopolitan.

10. Neither Plaintiff has ever worked, moonlighted, acted as, or otherwise given any indication that she is a prostitute in Las Vegas or any other locale in her entire life.

11. Mullins is gainfully employed by a fortune 500 company in a technical job.

12. Holland is gainfully employed at a local golf course.

13. Together, the Plaintiffs also work as media influencers working together in largely promoting the Las Vegas area and market.

14. At the time referenced in the preceding allegation, Plaintiffs were approached by Doe defendant 1 presumably operating as an undercover vice officer for the LVMPD, and propositioned by him.

15. Plaintiffs rebuffed Doe Defendant 1.

16. Later, while at the Vesper Bar at the Cosmopolitan, Plaintiff's were approached by Doe Defendant 2 presumably operating as an undercover vice officer for the LVMPD.

17. Doe Defendant 2 socially engaged the Plaintiffs in a discussion while at the bar.

18. While being social with Doe Defendant 2, Doe Defendant 2 propositioned Plaintiffs for sex.

19. Each Plaintiff categorically refused, and assuming that Doe Defendant 2 was a tourist, considering their knowledge and interest in the market as influencers, they even cautioned him that his actions were likely illegal in Clark County.

20. After rebuffing Doe Defendant 2, and having rebuffed Doe Defendant 1, Plaintiffs remained social with Doe Defendant 2, left the Vesper bar and were proceeding through

Nersesian & Sankiewicz
528 SOUTH EIGHTH STREET

3

the Cosmopolitan when they were approached by Doe Defendants 3 and 4, with Doe Defendant 2, being in the background.

21. Doe Defendants 3 and 4 identified themselves as officers with the LVMPD, and demanded that the Plaintiffs immediately surrender their belongings including purses.

22. The identification as police and seizure of the Plaintiffs' property occurred within the view and hearing of third persons and provided a clear indication and communication to others that the Plaintiffs were criminals and being arrested.

23. Plaintiffs complied with the demand.

24. Plaintiffs were then escorted by Doe Defendants 2-4 to a holding facility within Cosmopolitan where they were held on false allegations of soliciting prostitution.

25. Once in the holding room, Plaintiffs were handcuffed and questioned, and answered the questions posed truthfully indicating that they had no arrest history.

26. While in the holding facility within the Cosmopolitan, the Cosmopolitan, through Does 11-13 and Does 21-24 participated in the seizure and holding of the Plaintiffs while acting in concert with the LVMPD and Does 1-3.

27. The criminal matters with respect to each Plaintiff have since terminated with the exoneration of each Plaintiff.

28. On information and belief, Does 1-4 were participating in and jointly cooperating in an LVMPD and Cosmopolitan vice operation targeting prostitution on the Las Vegas strip.

29. Once seized, Plaintiffs were marched by Doe 3, likely with the participation of other Doe Defendants a long distance through the public places of the Cosmopolitan under circumstance which further published to the numerous persons viewing the interaction that the Plaintiffs were each criminals.

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

4

30. The circumstances of the seizure rose to the level of a constitutional arrest, and ultimately concluded with an actual arrest for prospective prosecution, which arrest was undertaken to establish a false excuse for the seizure amounting to an arrest under constitutional terms which the LVMPD employees then recognized as unsupported by probable cause.

31. Once arriving at the security holding room, each Plaintiff was held in this non-public place against their respective wills.

32. Neither Plaintiff was a criminal.

33. Neither Plaintiff consented to their seizure or search of their purse.

34. There was never any reasonable suspicion indicating that either Plaintiff was about to undertake, undertook, or had undertaken any criminal activity at the time of their seizure nor at the time of the formal arrest.

35. There was never any probable cause to arrest either Plaintiff.

36. Mullins was not a criminal.

37. Holland was not a criminal.

38. Cosmopolitan is familiar through its cooperation in vice operations at its premises that the LVMPD vice officers will often seize and hold persons without reasonable suspicion or probable cause in its holding facilities with its cooperation, and freely lends this cooperation to the errant police authorities.

39. Does 21-30, all of whom were employees of Cosmopolitan, were working within the course and scope of their employment.

40. Cosmopolitan maintains a trespass database of all persons previously trespassed at the Cosmopolitan.

41. On information and belief, following the seizure of the Plaintiffs, Cosmopolitan, as further acting in concert with the other Defendants, searched this database after Plaintiffs

were handcuffed, manhandled, manucapted, and detained, and discovered that neither Plaintiff had ever before been trespassed at the Cosmopolitan. On information and belief, this was at the request of LVMPD officers present, the search for a prior trespass extended the seizure of each Plaintiff, and the lack of a prior trespass was reported back to these officers.

42. Also, on information and belief, some of Doe Defendants 1-11 ran a scope/NCIC search/wants and warrants on each of the Plaintiffs and discovered that neither had any indication of arrests or inquiries regarding prostitution. In the purview of vice operations, repeat offenses or a similar history are a factor upon which the LVMPD and its officers rely upon determining probable cause.

43. Some, but not all, indications that neither Plaintiff was soliciting prostitution held by Does 1-4 include:

    a.   A reasonable explanation for Plaintiffs' presence unrelated to criminal activity;

    b.   Generally modest dress of the Plaintiffs, each being dressed casually and even wearing tennis shoes;

    c.   The fact that one of the Plaintiff's was not even wearing makeup and was clearly out for a casual evening;

    d.   The rebuffing of Doe 1 and Doe 2 referenced above;

    e.   The lack of similar prior activity referenced above;

    f.   Plaintiffs' denials; and

    g.   A complete absence of anything found in the purses (as an incident of an illegal search) of either Plaintiff implicating them in the practice of prostitution; and

44. It is a pattern and practice of the LVMPD vice officers working at the Cosmopolitan to seize individuals at the Cosmopolitan on a bare hunch sans reasonable suspicion, and

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

6

after the seizure amounting to a constitutional arrest, search out a basis to support

reasonable suspicion or probable cause.

45. It is a pattern and practice of the LVMPD vice officers to invariably go through the

purses of persons seized on alleged suspicion of prostitution, and this occurred here

without a search warrant.

46. Plaintiffs' purses were searched despite the fact that the search of the purses would not be

for weapons as the Plaintiffs had been separated from their purses and were restrained at

the time their purses were searched.

47. Cosmopolitan has a policy and practice that a formal trespass pursuant to NRS 207.200

of an individual from its premises will not be given to a patron until such time as such

action is approved by a supervisor.

48. During their detention, each Plaintiff was issued a trespass warning pursuant to NRS

207.200 by the Cosmopolitan on the sole basis that they had been seized and incarcerated

by LVMPD employees, which seizure Cosmopolitan knew from past experience was not

necessarily supported at any legal level.

49. The supervisor would have discretion to issue or not issue such a directive, which

authority is greater than the authority of the Doe defendants working under the supervisor

and under the supervisor's control.

50. The supervisor(s) confirming that Plaintiffs be trespassed would necessarily provide the

management authority for Cosmopolitan to be held responsible for any punitive damages

assessed in this matter.

51. The trespass warning of individuals under the false pretenses as referenced does not

occur with men.

52. The trespass warning thusly provides an illegal trespass limited to a particular gender and is discriminatory.

53. At the time of the search of the Plaintiffs' purses there existed no exigent circumstances authorizing the search.

54. Any reasonable police officer in like or similar circumstances would have recognized that there was no probable cause sufficient to support a detention or arrest of the Plaintiff, and also recognized that there was no reasonable suspicion justifying the initial detention of either Plaintiff. Further, they would have recognized that the search of the respective Plaintiffs' purses required a warrant which was not secured.

55. Upon return of their purses, Plaintiffs noticed that items had been removed and not returned by the LVMPD officers seizing the purses.

56. The Doe Defendants are sued in their individual capacities.

57. On information and belief, the formal arrest of each Plaintiff was undertaken as cover for the subsequently recognized illegality of the nature of the seizure of the Plaintiffs. That is, the arrest would be used to falsely bolster an assertion of probable cause to the exclusion of the evident illegal practices undertaken during a *Terry* stop seizure of the Plaintiffs.

58. The Defendants acted with malice, oppression, and fraud in the torts committed against Plaintiffs. As an example of malice by the Cosmopolitan, the trespass warning given to the Plaintiffs without cause evinces malice. As to the malice by the police Defendants, it appears that the arrest of the Plaintiffs were a result of Does 1 and 2 being rebuffed, thereby calling into question their attractiveness. As an example of oppression, the handcuffing and seizure of the Plaintiffs provides evidence of oppression. And as to fraud, the charges were fabricated.

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

8

59. As a direct and proximate result of the actions of the Defendants described above, each Plaintiff has suffered the following injuries:

    a.  Emotional distress, inclusive of severe emotional distress;*[1]

    b.  Outrage;*

    c.  Loss of liberty;

    d.  Humiliation, generally;*

    e.  Humiliation specific to the inclusion of each of them in the Cosmopolitan database as having been arrested for prostitution;*

    f.  Mortification;

    g.  Loss of reputation;*

    h.  Loss of reputation specific to the inclusion of each of them in the Cosmopolitan database as having been arrested for prostitution;*

    i.  Loss of sleep and its attendant discomfort;*

    j.  Pain and suffering associated with the cuts, contusions, and myofascial injuries, abrasions suffered;

    k.  Mental suffering;*

    l.  Lost time and wages associated with the proximate injuries;*

    m.  A general loss of faith in society, justice, and fellow citizens;* and

    n.  Expenses incurred (inclusive of attorney's fees) in defending against the false and fabricated criminal charges against each of the Plaintiffs.

    o.  Reasonable attorney's fees incurred herein under the Plaintiffs' Third Cause of Action;

---

[1] The injuries marked with an "*" are continuing and are unresolved at this time.

p.   An entitlement to punitive damages.

And for these injuries, each Plaintiff has been damaged in an amount exceeding $15,000.00 as to each claim for relief set forth below.

60. The acts of the defendants were outrageous and outside the bounds of all appropriate actions in civil society.

61. For each of the following causes of action, as related to the oppression and malice exhibited by the Defendant, Plaintiff is entitled to punitive damages.

62. Neither Plaintiff was guilty of any crime, and the crimes allegedly raised were mere misdemeanors which require that any detention by Defendants be for a crime actually committed.

## I. FIRST CAUSE OF ACTION—FALSE IMPRISONMENT

63. Plaintiff incorporates ¶¶ 1-62 above as though fully restated herein.

64. The actions of the Defendants and events as described above constitute the false imprisonment of each Plaintiff by the Defendants, all having no legal authority supporting the initial detention and continued detention.

## II. SECOND CAUSE OF ACTION—FALSE ARREST

65. Plaintiff incorporates ¶¶ 1-64 above as though fully restated herein.

66. Defendants lacked probable cause to arrest either Plaintiff, and also recognized they lacked probable cause, but arrested each Plaintiff, nonetheless.

67. The actions of the LVMPD and Does 1-10 constitute false arrest.

## III. THIRD CAUSE OF ACTION—VIOLATION OF 42 U.S.C. 1983

68. Plaintiffs incorporate ¶¶ 1-67 above as though fully restated herein.

69. Defendants acted in concert in the continuing seizure of the Plaintiffs in the initial detention; after the constitutionally required time for release, and also acted in concert in the search of the Plaintiff purse.

70. The participation of the LVMPD Defendants in concert with the Cosmopolitan and other Doe Defendants in seizing and holding Plaintiffs, in searching their purses, in fabricating false criminal charges, constitutes state action and ratification of the actions of the Doe Defendants.

71. The actions of the Defendants and events as described above constitute the violation Plaintiff's right to be free of unconstitutional searches and seizures for which Plaintiffs have a claim under 42 U.S.C. 1983, and an entitlement to attorney's fees under 42 U.S.C. 1988.

## IV. FOURTH CAUSE OF ACTION—DEFAMATION

72. Plaintiffs incorporate ¶¶ 1-71 above as though fully restated herein.

73. In handcuffing and asporting the Plaintiff in public without privilege or legal authority, and holding the Plaintiffs without privilege or legal authority, Doe Defendants, the LVMPD, and Cosmopolitan communicated to the numerous persons viewing the interaction that the Plaintiff was a criminal.

74. Neither Plaintiff is or was a criminal in any sense concerning the Defendants or otherwise.

75. The publication of criminality associated with Plaintiffs by these Defendants constitutes defamation *per se*.

76. The actions of the Defendants as described above constitute the tortious defamation of each Plaintiff.

## V.  FIFTH CAUSE OF ACTION—BATTERY

77. Plaintiffs incorporate ¶¶ 1-76 above as though fully restated herein.

78. The actions of the LVMPD, Doe Defendants and Cosmopolitan, with an especial reference to the handcuffing as described above, constitute the tortious battery of the Plaintiff by these Defendants.

## VI. SIXTH CAUSE OF ACTION—NEGLIGENCE

79. Plaintiffs incorporate ¶¶ 1-78 above as though fully restated herein.

80. In taking the actions stated above towards Plaintiff, Defendants violated NRS 200.460 and NRS 200.481.

81. The referenced statutes envision Plaintiffs as a protected persons from the activities undertaken by Defendants in violation of said statutes.

82. The violation of these statutes constitutes negligence per se by Defendants.

83. In light of the history of false arrests by LVMPD in vice operations occurring at Cosmopolitan, Cosmopolitan was aware of the circumstances of persons being illegally seized at its premises.

84. The management authority at Cosmopolitan failed to take reasonable precautions to assure the safety and security of its business invitees to be free of these tortious intrusions by the LVMPD, and even directed, despite this knowledge, that its employees participate in such activities.

85. LVMPD has been put on notice and has ratified the unreasonable searches of the personal property (purses) by members of its vice squads, and has failed to take corrective action thereby putting Plaintiffs and the public at risk of such illegal activities.

## VII. SEVENTH CAUSE OF ACTION—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86. Plaintiffs incorporate ¶¶ 1-85 above as though fully restated herein.

**Nersesian & Sankiewicz**
528 South Eighth Street

12

87. In falsely reporting suspected prostitution to the Cosmopolitan, LVMPD Defendants, acting within the course and scope of their employment, recognized that such action, coupled with the proximate force of the State and authority of the police, would elicit extreme emotional distress from each Plaintiff.

88. Cosmopolitan necessarily recognized that the unjust detention of individuals within a closed holding facility against their will would elicit extreme emotional distress from each Plaintiff.

89. The actions of the Defendants exhibited extreme callousness and were beyond the bounds of civilized society.

90. Each Plaintiff suffered extreme emotional distress as a result of the actions of Cosmopolitan and the LVMPD Defendant individually and collectively in concert.

91. The continuing physical contact of the handcuffs and the pressing of charges, even after all semblance of a basis for an arrest became evident was extreme and outrageous, and would be recognized by all Defendants as eliciting extreme emotional distress in the person subject to such treatment.

92. In having Plaintiff be given a trespass warning pursuant to NRS 207.200 for, essentially, being a criminal victim of Cosmopolitan's personnel and the personnel of the LVMPD, all acting within the course and scope of their employment, Defendants clearly understood that their actions would elicit extreme emotional distress, and considering this, it is also likely that Defendants intended to inflict emotional distress upon each Plaintiff.

93. The actions of the Defendants constitute intentional infliction of emotional distress.

## VIII. EIGHTH CAUSE OF ACTION—MALICIOUS PROSECUTION

94. Plaintiffs incorporate ¶¶ 1-93 above as though fully restated herein.

**Nersesian & Sankiewicz**
528 South Eighth Street

13

95. Under the foregoing allegations, it is clear that the Defendants, collectively and individually, lacked probable cause for undertaking the actions referenced against each Plaintiff, participated in the initiation of a criminal proceeding, and did so with malice.

96. The criminal proceedings initiated against the Plaintiffs have terminated, and have terminated in favor of each Plaintiff.

97. Plaintiffs have been injured as stated above.

## AD DAMNUM

WHEREFORE Plaintiff prays that this court enter its judgment for Plaintiff, and against Defendants, in actual damages on each cause of action in excess of $15,000.00, together with punitive damages (on claims I-V, VII and VIII) determined by the trier of fact, and together therewith, award Plaintiff the interest, costs, and attorney's fees so wrongfully incurred in prosecuting the within action.

DATED this 3rd day of June, 2021.

Nersesian & Sankiewicz


/s/ Robert A. Nersesian
Robert A. Nersesian
Nevada Bar No. 2762
528 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: 702-385-5454
Facsimile: 702-385-7667
Email: vegaslegal@aol.com
Attorneys for Plaintiffs

Nersesian & Sankiewicz
528 SOUTH EIGHTH STREET

14

# EXHIBIT B

Electronically Issued
6/3/2021 11:31 AM

SEI
Robert A. Nersesian
Nevada Bar No. 2762
Thea Marie Sankiewicz
Nevada Bar No. 2788
**NERSESIAN & SANKIEWICZ**
528 South Eighth Street
Las Vegas, Nevada 89101
Telephone: 702-385-5454
Facsimile: 702-385-7667
vegaslegal@aol.com
*Attorneys for Plaintiffs*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

CASE NO: A-21-835674-C

| | |
|---|---|
| Michele Mullins and Cassandra Holland, | ) Case No.: |
| | ) Dept No.: Department 27 |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| Las Vegas Metropolitan Police Department, a | ) |
| political subdivision of the State of Nevada; | ) |
| Nevada Property 1, LLC, a foreign Limited | ) |
| Liability Company, d/b/a The Cosmopolitan of | ) |
| Las Vegas; LVMPD Employees, DOES 1-10, Does | ) |
| 11-20, and Security Officers/Employees | ) |
| DOES 21-30, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**SUMMONS – CIVIL**

**NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):**

*Las Vegas Metropolitan Police Department*

A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

1

1.  If you intend to defend this law suit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    a.  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    b.  Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF THE COURT

Submitted by:

By: /s/ Robert A. Nersesian          By: _Robyn Rodriguez_ 6/4/2021
Nersesian & Sankiewicz              Deputy Clerk            Date
528 South Eighth Street             Regional Justice Center
Las Vegas, Nevada 89101             200 Lewis Avenue
                                    Las Vegas, Nevada 89155
                                    Robyn Rodriguez

**NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada rules of Civil Procedure 4(b).**

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

2

**AFFIDAVIT OF SERVICE**

**STATE OF NEVADA**         )
                           )    **ss:**
**COUNTY OF CLARK**         )

_____, being duly sworn, says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceedings in which this affidavit is made.  That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the _____ day of _____, 20___, and served the same on the _____ day of _____, 20___ by:

**(Affiant must complete the appropriate paragraph)**

1.  Delivering and leaving a copy with the Defendant _____ at _____ (state address).

2.  Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at _____ - _____ (state address).

3.  Servicing the Defendant _____ by personally delivering and leaving a copy at _____ (state address);

    a.  With _____ as _____, an agent lawfully designated by statute to accept service of process;

    b.  With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

///
///
///
///
///

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

3

4.      Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

               [] Ordinary mail

               [] Certified mail, return receipt requested

               [] Registered mail, return receipt requested

Addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

I declare under penalty of perjury the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _____ day of _____, 20____.

_____
Signature

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

4