Robert A. Nersesian
Nevada Bar No. 2762
Thea Marie Sankiewicz
Nevada Bar No. 2788
**NERSESIAN & SANKIEWICZ**
528 South Eighth Street
Las Vegas, Nevada 89101
Telephone:  702-385-5454
Facsimile:   702-385-7667
vegaslegal@aol.com
*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| Michele Mullins and Cassandra Holland, | Case No.: 2:21-cv-01294-RFB-BNW |
| Plaintiffs, | |
| vs. | |
| Las Vegas Metropolitan Police Department a political subdivision of the State of Nevada; Nevada Property 1, LLC, a foreign Limited Liability Company, d/b/a The Cosmopolitan of Las Vegas; LVMPD Employees, DOES 1-10, Does 11-20, and Security Officers/Employees DOES 21-30, | |
| Defendants. | |

**PLAINTIFFS' MOTION FOR LEAVE TO EXTEND DATES OR ALTERNATIVELY, FILE FIRST AMENDED COMPLAINT**

NOW COME Plaintiffs, and herewith moves to extend the deadlines stated in the Stipulated Discovery Plan and Scheduling Order (Doc # 17) or alternatively file a First Amended Complaint pursuant to Fed. R. Civ. P. 15. This motion is based on the pleadings and papers on file to date, the attachments hereto, any oral argument the court deems pertinent, and the following memorandum of points and authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND AND FACTS

This action was originally filed in the Clark County District Court. On The first threshold date in the scheduling order. On July 8, 2021, prior to any actions in the Clark County District Court, Defendant, Las Vegas Metropolitan Police Department ("LVMPD") removed the matter to this Court on the basis of a federal question being presented (a claim under 42 U.S.C. 1983). As of August 13, 2021, Plaintiff had served initial discovery on LVMPD. As of August 13, 2021, Plaintiff had served initial discovery on Nevada Property 1, LLC ("Cosmopolitan). In the interim, LVMPD had filed, and Plaintiff filed an opposition to, a motion for partial dismissal filed by the LVMPD. A reply was filed by the LVMPD on August 3, 2021, and this motion remains pending. Initial disclosures were also supplied by the Defendants in the second week of August, 2021. Responses to Plaintiff's initial discovery were received from the LVMPD on September 21, 2021 (served by mail per the proof of service on 9/15/21). Responses to Plaintiff's initial discovery were received from Cosmopolitan the Cosmopolitan on September 16, 2021 (served by mail per the proof of service on 9/15/21).

These responses were disingenuous, and Plaintiffs will be seeking to address the deficiencies. For example, Plaintiff requested any "SCOPE" information regarding each plaintiff. The response from the LVMPD is that the question is vague, ambiguous, and unintelligible. This is a singularly bizarre response as that is a term of art specific to the LVMPD, and certainly, in using such term, they are the single entity in the world that could not colorably claim this status to the request. See exhibit 1. The Cosmopolitan responded that they have no written records regarding the incident. From experience, Plaintiffs' attorney can state that, at a minimum, the Cosmopolitan would have surveillance logs and photo captures of detained individuals regarding the incidents. Unless this can be resolved, Plaintiffs will be presenting motions to compel. As another indicia, the LVMPD also referred to the policies and practices of its vice operations as not calculated to lead to the discovery of evidence and irrelevant. See Defendants' responses,

exhibits 2-4. *Accord Goodman v. Las Vegas Metro*. Police Dep't, 963 F. Supp. 2d 1036, 1043 (D. Nev. 2013), *affirmed in part, reversed in part, and remanded* 613 Fed. Appx. 610 (2015). Considering the prerequisites of *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 1(978) liability which the Plaintiff must crest, this response is baseless.

Further, as soon as practicable, on August 26, 2021, after arranging dates with LVMPD counsel, Plaintiffs have noticed the deposition of Detective Tyler Gower (Doe 1 in the Complaint) for October 6, 2021. Exhibit 5. This is expected to elicit further information conducive to proper pleading under the Federal Rules of Civil Procedure. As an example, exhibit 6 is a capture of video showing a Cosmopolitan security officer filling out paperwork while interrogating Plaintiffs. Plaintiffs can surmise this individual being either John Leong or Alan Davidson, employees of Cosmopolitan. Nonetheless, without further discovery this cannot be known for sure.

The complaint originally filed by the Plaintiffs expected the disclosure of certain individuals participating in the torts alleged and anticipated an amendment to add these individuals. Some of these prospective Doe Defendants have been identified through the disclosures and discovery to date, yet the list in no where near complete. Despite moving forward with appropriate diligence, it will require further discovery or disclosure to reveal the full scope of these proper defendants. As such, a proposed Amended Complaint is attached as exhibit 6 incorporating these now known individuals. Incidentally, in the response to LVMPD's a conditional motion for leave to amend the Complaint is also included. Also, despite Cosmopolitan's reference to certain documents together with Bates Stamp numbers, no such documents have been provided to date.

/ / /

/ / /

## II. ANALYSIS

This matter has been proceeding appropriately. On August 13, 2021, this Court entered the current scheduling order in this matter. The proposed amended complaint is attached as exhibit 6, and Plaintiff seeks leave to file this proposed amended complaint pursuant to Fed. R. Civ. P. 15. The purpose for the amendment is to add new parties identified in the Complaint by actions although their names were unknown at the time. The new parties are in the caption of exhibit 6, and were identified in the original complaint as Does 1-2 and Does 21-23.

The rule with respect to amendment is stated in *Foman v. Davis*, 371 U.S. 178 (1962), as follows:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman*, 371 U.S. at 182.

The case law in the Ninth Circuit states that absent prejudice, or a "strong showing" of the other factors, such as undue delay, bad faith, or dilatory motive, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (per curiam); *see also Allwaste, Inc. v. Hecht,* 65 F.3d 1523, 1530 (9th Cir.1995) (stating that, although the denial of leave to amend after a responsive pleading has been filed is reviewed for an abuse of discretion, "we strictly review such denial in

light of the *strong policy* permitting amendment" (emphasis added)). Furthermore, "[a]mendments are to be permitted liberally because, as the Supreme Court observed many years ago, '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *AmerisourceBergen Corp v. Dialysist West, Inc.*, 465 F.3d 946, 957 (9th Cir. 2006)(quoting *Foman*, 371 U.S. at 182). None of the contrary factors appear in this instance. Absent an extension of deadlines, Plaintiffs respectfully request that this court grant their motion for leave to file a first amended complaint.

More preferable, nonetheless, would be an extension of the deadlines with the allowance of amendment in order that the newly named Defendants can be brought within this litigation while the opportunity to join the yet unknown and undiscovered remaining Doe Defendants is further acted upon. Still, the matter has been proceeding, and Plaintiffs have propounded discovery and began scheduling depositions. As it currently appears, this process will require time in excess of that contemplated by the scheduling order. This has also been exacerbated by the Covid protocells affecting the practice of law in Nevada for the first few months following the filing of the Complaint. Preferable to amending the current Complaint as above stated, it would appear that extending the dates to allow for a later motion to file an amended complaint may well prove more economical and fulfilling in moving this litigation forward. Thus, Plaintiff proposes the following schedule:

| | | |
|---|---|---|
| Motion to Amend Pleadings or Add Parties | 9/27/21 | **12/24/21** |
| Initial Expert Disclosure Deadline | 10/25/21 | **1/21/22** |
| Rebuttal Expert Disclosure Deadline | 11/24/21 | **2/21/22** |
| Discovery Cutoff | 12/24/21 | **3/24/22** |
| Dispositive Motion Deadline | 1/21/22 | **4/22/22** |

| Joint Pre-trial Order | 2/18/22 | **5/20/22** |
|---|---|---|

Evincing that the Plaintiffs have been actively pursuing this matter, all parties have provided their initial Rule 26(f) Disclosures. LVMPD served their supplemental disclosures on September 15, 2021. Plaintiff, Mullins, served LVMPD with her First Request for Production of Documents and Things on August 13, 2021. LVMPD served their responses on September 15, 2021. Plaintiff, Mullins, served Cosmopolitan with Interrogatories and Request for Production of Documents and Things on August 17, 2021. Cosmopolitan served its responses on September 13, 2021.

Plaintiffs have also scheduled the deposition of a third-party disclosed in LVMPD's initial disclosures for October 6, 2021. If Plaintiffs are granted leave to amend the Complaint, once the newly named Defendants have made an appearance in the case, the parties anticipate serving and responding to additional written discovery, coordinating depositions, disclosing initial and rebuttal experts, and supplementing Rule 26 Disclosures.

WHEREFORE, Plaintiffs request leave to file their first amended complaint together with an extension of the deadlines in the scheduling order.

DATED this 27th day of September, 2021.

**NERSESIAN & SANKIEWICZ**

*/s/ Robert A. Nersesian*
Robert A. Nersesian
Nevada Bar No. 2762
528 S. Eighth Street
Las Vegas, Nevada  89101
Telephone:  702-385-5454
Facsimile:  702-385-7667
Email:  vegaslegal@aol.com
*Attorneys for Plaintiffs*

**Order**
IT IS ORDERED that ECF No. 19 is DENIED without prejudice for failure to meet and confer under the Local Rules.

**IT IS SO ORDERED**
**DATED:** 6:13 pm, September 28, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

/ / /
/ / /

### CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), the undersigned, an employee of Nersesian & Sankiewicz, hereby certifies that on the 27th day of September, 2021, a copy of the foregoing **PLAINTIFFS' MOTION FOR LEAVE TO EXTEND DATES OR ALTERNATIVELY, FILE FIRST AMENDED COMPLAINT** was served via this Court's electronic-filing system to the parties on the current service list as follows:

Craig R. Anderson, Esq.
Jackie V. Nichols, Esq.
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
canderson@maclaw.com
jnichols@maclaw.com
Attorneys for Defendant
Las Vegas Metropolitan Police Department

Karen L. Bashor, Esq.
Vatana Lay, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, Nevada 89119
karen.bashor@wilsonelser.com
vatana.lay@wilsonelser.com
Attorneys for Defendant,
Nevada Property 1, LLC d/b/a
The Cosmopolitan of Las Vegas

/s/ Rachel Stein
An Employee of Nersesian & Sankiewicz